IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA LEE and <br> DAVID CHRISTY, <br>     Plaintiffs, <br> v. <br> DART MOTORS LLC, GABRIEL VARGAS, <br> and ANASTASIIA NOVYTSKA, <br>     Defendants. | Case No. 23 C 2318 <br><br> Hon. LaShonda A. Hunt |

**ORDER**

On October 4, 2023, this Court entered an order [31] dismissing pro se Plaintiffs' First Amended Complaint [26] for failure to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs were granted leave to file an amended complaint and did so on October 25, 2023 [32]. Contending that while the parties are diverse, Plaintiffs still have not demonstrated that this case involves an amount in controversy over $75,000, Defendants moved to dismiss the second amended complaint on jurisdictional grounds. The Court agrees with Defendants that the SAC is inadequate and must be dismissed for lack of jurisdiction.

**STATEMENT**

The Court assumes familiarity with the background and analysis set forth in the prior dismissal order [31]. This dispute arises from a used car purchase. Plaintiffs assert that Defendants knowingly misrepresented the condition of the vehicle and are therefore liable for fraud and breach of warranty under Illinois law. At issue here is whether Plaintiffs have sufficiently pled punitive damages because, as previously discussed, without them, Plaintiffs do not meet the threshold amount required for diversity jurisdiction. The Court must determine if Plaintiffs have specifically alleged conduct that would entitle them to punitive damages. Having reviewed the SAC and the arguments presented, the Court concludes that they have not.

When punitive damages are necessary to establish subject matter jurisdiction, federal courts must scrutinize the allegations closely. *Maietta v. Ford Motor Co.*, No. 96 C 8347, 1997 WL 162894, at *3 (N.D. Ill. Mar. 27, 1997). "Punitive damages may be awarded 'for conduct that is outrageous, either because the defendant's motive was evil or the acts showed a reckless disregard of others' rights.'" *Twyman v. S&M Auto Brokers*, No. 16 C 4182, 2016 WL 6082357, at *3 (N.D. Ill. Oct. 18, 2016) (citing *Kirkpatrick v. Strosberg*, 385 Ill. App. 3d 119, 132 (2d Dist.

2008)).[1] For conduct to be deemed "outrageous," it must be "above and beyond the conduct required to establish the elements of the underlying offense." *Maietta*, 1997 WL 162894, at *3. In dismissing Plaintiffs' FAC, this Court held that Plaintiffs' "conclusory statements [did] not constitute facts evincing evil motive or reckless indifference to others by Defendants" and that the allegations "merely articulate[d] the basic elements of a fraud claim in Illinois . . . and [did] not rise to the level of gross fraud or outrageous behavior necessary to support a claim for punitive damages." (Dkt. 31 at 3, 5). Plaintiffs' SAC fails to rectify these issues.

Like their original complaint and the FAC, the SAC does not allege facts evincing that Defendants acted either with an evil motive or with a reckless disregard for the rights of others. From the outset, the Court notes that there are a few differences between the FAC and SAC. True, Plaintiffs added detail about how far they drove the car home initially—a total of 546 miles. (Dkt. 32 at ¶ 30). But then they rehash the same previously rejected arguments about how Defendants' conduct put the driving public of Illinois and Michigan at risk and state that "[t]he fact that a fatal accident has not occurred is merely good fortune." *Id.* As the Court already explained, those allegations, at most, state the basic elements of a fraud claim. (*See* Dkt. 31 at 5 ("The best Plaintiffs can muster is that selling an unsafe car to Plaintiffs put the driving public at risk. [Dkt. 26 at ¶ 11]. If such allegations were sufficient to state a plausible claim for punitive damages, every suit alleging that a car dealer made a misrepresentation about the state of a car (and the Court found many in its research) would rise to the level of maliciousness. The Court does not believe this is the case, and Plaintiffs have not cited any case law to support that conclusion.")). Plaintiffs' speculation that something bad could have happened during the long drive home coupled with their unsupported assertion that Defendants' conduct "knowingly, willfully, and recklessly disregarded the personal rights [of Plaintiffs and the public]" (Dkt. 32 at ¶ 30) does nothing to elevate their particular scenario above a typical fraud claim.

Plaintiffs' additional details about Google reviews posted online by other patrons of Defendant Dart Motors similarly miss the mark. The SAC simply expands upon the five Google reviews mentioned in the FAC and posits that Defendants regularly read and respond to such complaints. (Dkt. 33 at ¶¶ 32-36). Such conduct, according to Plaintiffs, demonstrates a pattern and practice of Defendants engaging in conduct with a reckless disregard to the rights of others. (*Id.* at ¶ 37). Not so. The Court considers well-pled facts, not conclusory allegations, for purposes of assessing a motion to dismiss. Unsubstantiated Google reviews from unknown individuals are simply unreliable. Moreover, the fact that Defendants may be aware of criticism from customers does not prove that the statements are indeed true.

Finally, Plaintiffs' emphasis on the "dangerous" nature of Defendants' actions similarly fails to demonstrate their entitlement to an award of punitive damages here. Highlighting the fact that the alleged misrepresentations in this case involved engine damage, Plaintiffs suggest that a

---

[1] Plaintiffs correctly point out that the Court erroneously referenced 815 ILCS 505/10a in the prior order (Dkt. 31 at 2), as that statutory provision had been deemed unconstitutional by the Illinois Supreme Court. However, any error was clearly harmless, as the proposition for which the statute was cited—the pleading standard for punitive damages under Illinois law—remains good law, and Plaintiffs concede as much. (*See* Dkt. 37 at 11 ("In [*Twyman v. S&M Auto Brokers*], the Court accurately described the legal standard post-*Allen* as the following: 'Punitive damages may be awarded "[F]or conduct that is outrageous, either because the defendant's motive was evil **or** the acts showed a reckless disregard of others' rights."'") (emphasis in original)).

"garden-variety" claim of intentional misrepresentation would be one in which the dealer lied about something that is not "dangerous," such as the car's heated seats or windshield wipers. However, they cite no legal authority to support their theory that the distinguishing factor for purposes of pleading punitive damages is whether the statements on their face appear more or potentially result in more danger. Indeed, engine damage may cause the car to stop running while malfunctioning seat warmers could lead to serious burns. The Court declines the invitation to adopt that artificial distinction.

For the third time, Plaintiffs have failed to allege more than a run of the mill claim of intentional misrepresentation. Because the SAC does not meet the $75,000 amount in controversy requirement, Defendants' motion to dismiss for lack of jurisdiction [35] is granted. In dismissing Plaintiffs' Second Amended Complaint [32] without prejudice, the Court does not reach the merits of the claims and the suit may be re-filed in state court at any time within the relevant limitations period.[2]

**DATED**: May 17, 2024    **ENTERED**:

*/s/ LaShonda A. Hunt*
LASHONDA A. HUNT
United States District Judge

---

[2] Any remaining motions in this case are terminated as moot but without prejudice to renewal in a court of competent jurisdiction, if appropriate.

3